# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CIVIL DOCKET FOR CASE #: 4:26−cv−01424−SRC

Onder et al v. State of Missouri et al
Assigned to: Chief District Judge Stephen R. Clark
Cause: 42:1983 Civil Rights Act

Date Filed: 09/04/2026
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

**Congressman Robert Onder** represented by **Marc H. Ellinger**
ELLINGER BELL LLC − Jefferson City
308 E. High Street
Suite 300
Jefferson City, MO 65101
573−750−4100
Email: mellinger@ellingerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Stephanie Bell**
ELLINGER BELL LLC − Jefferson City
308 E. High Street
Suite 300
Jefferson City, MO 65101
573−750−4100
Email: sbell@ellingerlaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Plaintiff**

**Brattin Richard** represented by **Marc H. Ellinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Stephanie Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Plaintiff**

**Patricia Thomas** represented by **Marc H. Ellinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Stephanie Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Plaintiff**

**Debra Havens** represented by **Marc H. Ellinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Stephanie Bell**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

V.

**Defendant**

**State of Missouri** represented by **Graham Miller**
ATTORNEY GENERAL OF MISSOURI − St. Louis
815 Olive Street
Suite 200
St. Louis, MO 63101
314−340−7652
Email: graham.miller@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

**John Michael Patton**
OFFICE OF THE ATTORNEY GENERAL OF MISSOURI − Kansas City
615 E. 13th Street
Suite 401
Kansas City, MO 64106
816−889−2250
Email: michael.patton@ago.mo.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation:*
*Bar Status: Active*

**Louis Joseph Capozzi , III**
ATTORNEY GENERAL OF MISSOURI
− St. Louis
815 Olive Street
Suite 200
St. Louis, MO 63101
717−802−2077
Email: louis.capozzi@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

**William James Seidleck**
ATTORNEY GENERAL OF MISSOURI
− St. Louis
815 Olive Street
Suite 200
St. Louis, MO 63101
314−340−7835
Email: william.seidleck@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

**Defendant**

**Denny Hoskins**
*in his official capacity as Missouri Secretary of State*

represented by

**Graham Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

**John Michael Patton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation:*
*Bar Status: Active*

**Louis Joseph Capozzi , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

**William James Seidleck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

V.

**Intervenor Defendant**

**Richard von Glahn** represented by **Charles W. Hatfield**
STINSON LLP − Jefferson City
230 W. McCarty Street
Jefferson City, MO 65101
573−636−6827
Fax: 573−556−3632
Email: chuck.hatfield@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Greta M. Bax**
STINSON LLP − Jefferson City
230 W. McCarty Street
Jefferson City, MO 65101
573−680−3843
Email: greta.bax@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Jeremy A. Root**
STINSON LLP − Jefferson City
230 W. McCarty Street
Jefferson City, MO 65101
573−636−6263
Fax: 573−556−3635
Email: jeremy.root@stinson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Alexander C. Barrett**
STINSON LLP − Jefferson City
230 W. McCarty Street
Jefferson City, MO 65101
573−556−3601

Fax: 573−556−3637
Email: alexander.barrett@stinson.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Alixandra S. Cossette**
STINSON LLP − Jefferson City
230 W. McCarty Street
Jefferson City, MO 65101
573−556−3612
Email: alix.cossette@stinson.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Intervenor Defendant**

**People Not Politicians** represented by **Charles W. Hatfield**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Greta M. Bax**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Jeremy A. Root**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Alexander C. Barrett**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Alixandra S. Cossette**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

Email All Attorneys
(will not send to terminated parties)

Rcvd 9826 p5

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2026 | 1 | COMPLAINT against defendant All Defendants Non−Jury Demand,, filed by Robert Onder, Debra Havens, Patricia Thomas, Brattin Richard. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Civil Cover Sheet Civil Cover Sheet, # 5 Form Civil Complaint Form, # 6 Form Disclosure Statement, # 7 Form Original Filing Form)(Ellinger, Marc) (Entered: 09/04/2026) |
| 09/04/2026 | 2 | MOTION for Preliminary Injunction *and TRO* by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Attachments: # 1 Supplement Memorandum of Law in Support)(Ellinger, Marc) (Entered: 09/04/2026) |
| 09/04/2026 | 3 | MOTION to Expedite by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Ellinger, Marc) (Entered: 09/04/2026) |
| 09/04/2026 | 4 | Exhibit List *Verifications of Complaint* by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Attachments: # 1 Exhibit Brattin Verification, # 2 Exhibit Thomas Verification, # 3 Havens Verification)(Ellinger, Marc) (Entered: 09/04/2026) |
| 09/05/2026 | | Case Opening Notification. Judge Assigned: Chief U.S. District Judge Stephen R. Clark. (KXS) (Entered: 09/05/2026) |
| 09/05/2026 | 5 | NOTICE of Filing Deficiency re 1 Complaint,. In accordance with Eastern District of Missouri Local Rules and the Case Management/Electronic Case Filing (CM/ECF) Procedures Manual, a filing deficiency has been identified as follows: Notice of Process Server form and summonses as to each defendant not filed. This deficiency must be filed in the case record immediately by filing the Notice of Process Server with summonses attached as exhibits. (JWD) (Entered: 09/05/2026) |
| 09/05/2026 | 6 | NOTICE OF PROCESS SERVER by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas Process Server: Rufus Harmon (Attachments: # 1 Summons Summons to State of Missouri, # 2 Summons Summons to Denny Hoskins)(Ellinger, Marc) (Entered: 09/05/2026) |
| 09/05/2026 | | Summons Issued as to defendant Denny Hoskins, State of Missouri. The summonses were emailed to Marc H. Ellinger. (KXS) (Entered: 09/05/2026) |
| 09/05/2026 | 7 | ENTRY of Appearance by Louis Joseph Capozzi, III for Defendants Denny Hoskins, State of Missouri. (Capozzi, Louis) (Entered: 09/05/2026) |
| 09/05/2026 | 8 | ENTRY of Appearance by William James Seidleck for Defendants Denny Hoskins, State of Missouri. (Seidleck, William) (Entered: 09/05/2026) |
| 09/05/2026 | 9 | ENTRY of Appearance by Graham Miller for Defendants Denny Hoskins, State of Missouri. (Miller, Graham) (Entered: 09/05/2026) |
| 09/05/2026 | 10 | WAIVER OF SERVICE Returned Executed filed by Denny Hoskins, State of Missouri Denny Hoskins waiver signed on 9/4/2026, answer due 11/3/2026; State of Missouri waiver signed on 9/4/2026, answer due 11/3/2026. (Seidleck, William) (Entered: 09/05/2026) |

| | | |
|---|---|---|
| 09/05/2026 | 11 | RESPONSE to Motion re 2 MOTION for Preliminary Injunction *and TRO* filed by Defendants Denny Hoskins, State of Missouri. (Capozzi, Louis) (Entered: 09/05/2026) |
| 09/05/2026 | 12 | MOTION to Intervene by Plaintiff People Not Politicians, Intervenor Parties Richard von Glahn, PEOPLE NOT POLITICIANS. (Attachments: # 1 Supplement SUGGESTIONS IN SUPPORT, # 2 Supplement VERIFICATION, # 3 Text of Proposed Order PROPOSED ORDER, # 4 Supplement MOTION TO DISMISS, # 5 Supplement EXHIBIT 1, # 6 Supplement EXHIBIT 2)(Cossette, Alixandra) (Entered: 09/05/2026) |
| 09/05/2026 | 13 | ORDER: The Court orders the parties (and any putative or actual intervenors) to, no later than 12:00 p.m. Central Daylight Time on September 7, 2026, file separate supplemental briefs analyzing (1) whether federal abstention doctrines or the Rooker−Feldman doctrine apply, see Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983), and (2) the impact that a Supreme Court ruling on the pending Emergency Application for Stay and Administrative Stay Pending Appeal in Hoskins v. von Glahn, No. 26A304, would have on this case. All supplemental briefs must not exceed ten pages, double−spaced. (Response to Court due by 9/7/2026.) Signed by Chief District Judge Stephen R. Clark on 9/5/2026. (KXS) (Entered: 09/05/2026) |
| 09/05/2026 | 14 | ORDER: The Court orders the parties to, no later than 12:00 p.m. Central Daylight Time on September 6, 2026, respond to (1) the proposed intervenors' motion to intervene, doc. 12; (2) any other motions to intervene filed in the interim; and (3) the intervenors' proposed motion to dismiss, doc. 12−4. (Response to Court due by 9/6/2026.) Signed by Chief District Judge Stephen R. Clark on 9/5/2026. (KXS) (Entered: 09/05/2026) |
| 09/06/2026 | 15 | ENTRY of Appearance by Alexander C. Barrett for Intervenor People Not Politicians. (Barrett, Alexander) (Entered: 09/06/2026) |
| 09/06/2026 | 16 | ENTRY of Appearance by Jeremy A. Root for Intervenor Parties People Not Politicians, Richard von Glahn. (Root, Jeremy) (Entered: 09/06/2026) |
| 09/06/2026 | 17 | MOTION for Leave to File Statement in Response to this Court's Order in Excess Page Limitation by Defendants Denny Hoskins, State of Missouri. (Capozzi, Louis) (Entered: 09/06/2026) |
| 09/06/2026 | 18 | MOTION for Leave to Exceed Page Limitations by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Attachments: # 1 Proposed Order)(Ellinger, Marc) (Entered: 09/06/2026) |
| 09/06/2026 | 19 | RESPONSE TO COURT ORDER re 14 Order, 13 Order,, by Defendants Denny Hoskins, State of Missouri. (Capozzi, Louis) (Entered: 09/06/2026) |
| 09/06/2026 | 20 | MEMORANDUM in Opposition re 12 MOTION to Intervene *4 Motion to Dismiss* filed by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Ellinger, Marc) (Entered: 09/06/2026) |
| 09/06/2026 | 21 | MEMORANDUM in Opposition re 12 MOTION to Intervene *4 Motion to Dismiss* filed by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Ellinger, Marc) (Entered: 09/06/2026) |
| 09/06/2026 | 22 | NOTICE by Intervenor Parties People Not Politicians, Richard von Glahn *Entry of Appearance* (Bax, Greta) (Entered: 09/06/2026) |
| 09/06/2026 | 23 | |

| | | |
|---|---|---|
| | | Electronic Notice re: Disclosure Statement to Intervenor People Not Politicians. Pursuant to Local Rule 2.09, every non−governmental party or intervenor which/who is not an individual must file a Disclosure Statement in any Federal Question case immediately upon entering its appearance in the case, completing Section 1 of the Court−adopted form. All such parent companies, subsidiaries or affiliates must be entered into CM/ECF where prompted. (Disclosure Statement form can be downloaded here) (ANR) (Entered: 09/06/2026) |
| 09/06/2026 | 24 | MOTION for Leave to File Corrected Memorandum by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Attachments: # 1 Proposed Order)(Ellinger, Marc) (Entered: 09/06/2026) |
| 09/06/2026 | 25 | MEMORANDUM in Opposition re 12 MOTION to Intervene *4 Motion to Dismiss* filed by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Ellinger, Marc) (Entered: 09/06/2026) |
| 09/06/2026 | 26 | DISCLOSURE STATEMENT by People Not Politicians. No corporate parents or affiliates identified. (Cossette, Alixandra) (Entered: 09/06/2026) |
| 09/06/2026 | 27 | ENTRY of Appearance by Stephanie Bell for Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Bell, Stephanie) (Entered: 09/06/2026) |
| 09/06/2026 | 28 | MOTION to Dismiss Party State of Missouri by Defendants Denny Hoskins, State of Missouri. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Defendants' Motion to Dismiss Claims Against the State of Missouri)(Capozzi, Louis) (Entered: 09/06/2026) |
| 09/07/2026 | 29 | MEMORANDUM re 13 Order,, by Intervenor Richard von Glahn. (Cossette, Alixandra) (Entered: 09/07/2026) |
| 09/07/2026 | 30 | MEMORANDUM re 13 Order,, by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas. (Ellinger, Marc) (Entered: 09/07/2026) |
| 09/08/2026 | 31 | NOTICE of Filing Deficiency re 29 Memorandum filed by Intervenor Parties People Not Politicians, Richard von Glahn. In accordance with Eastern District of Missouri Local Rules and the Case Management/Electronic Case Filing (CM/ECF) Procedures Manual, a filing deficiency has been identified as follows: The attorney's signature on the signature block must match the name of the e−filer. This is an informational notice and no further action is needed at this time. All future filings must be in compliance with this rule. (TLR) (Entered: 09/08/2026) |
| 09/08/2026 | 32 | ORDER: Accordingly, the Court grants the intervenors' 12 Motion to Intervene as Defendants. The Court directs the Clerk of Court to (1) add People Not Politicians and Richard von Glahn as Intervenor−Defendants on the docket of this case, and (2) file the intervenors' Motion to Dismiss Complaint and Combined Memorandum in Support, doc. 12−4, as a separate document, deemed filed as of the date of this Order. SEE ORDER FOR DETAILS. Signed by Chief District Judge Stephen R. Clark on 9/8/2026. (CLT) (Entered: 09/08/2026) |
| 09/08/2026 | 33 | MOTION to Dismiss Complaint and Combined Memorandum in Support by Intervenor Defendants People Not Politicians, Richard von Glahn. (CLT) (Entered: 09/08/2026) |
| 09/08/2026 | 34 | NOTICE Denial of Stay Application: by Plaintiffs Debra Havens, Robert Onder, Brattin Richard, Patricia Thomas (Ellinger, Marc) (Entered: 09/08/2026) |

| | | |
|---|---|---|
| 09/08/2026 | 35 | MEMORANDUM AND ORDER: Accordingly, the Court grants Plaintiffs' 2 motion for a temporary restraining order and enjoins, on federal law grounds, Secretary of State Hoskins− as well as his officers, agents, employees, and attorneys− from implementing, using, publishing, distributing, or mandating the use of any congressional district map other than the HB 1 map for the November 3, 2026 general election. The Court finds that a hearing is not necessary because all parties have participated fully through their briefing, and because all parties agree on the material facts. The Court alsodenies Plaintiffs' 3 Motion to Expedite as moot. This order remains in effect for 14 days from the date of issuance. The Court will set a preliminary injunction hearing by separate order. Neither Defendants nor Intervenor Defendants asks the Court to set a bond, and having considered the issue, the Court finds a bond unnecessary on these unique facts and circumstances. See Fed. R. Civ. P. 65(c). As provided in Rule 65(d)(2), this temporary restraining order binds "only the following who receive actual notice of it bypersonal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Signed by Chief District Judge Stephen R. Clark on 9/8/2026. (TLR) (Entered: 09/08/2026) |
| 09/08/2026 | 36 | Emergency NOTICE OF APPEAL by Intervenor Defendant Richard von Glahn (Cossette, Alixandra) Modified text on 9/8/2026 due to counsel filing error. (LNS). (REMARK: Document emailed to COA on 9/8/2026). (Entered: 09/08/2026) |
| 09/08/2026 | 37 | ENTRY of Appearance by John Michael Patton for Defendants Denny Hoskins, State of Missouri. (Patton, John) (Entered: 09/08/2026) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MISSOURI and DENNY HOSKINS,<br><br>Defendants. | ) | Case No. 4:26-cv-01424-SRC |

**Memorandum and Order**

On August 4, 2026, Missouri concluded its primary elections using the congressional districts laid out in House Bill 1 ("HB 1"). Missouri voters and candidates for federal office in Missouri request that the Court issue a temporary restraining order enjoining the use of any congressional district map other than HB 1, *see generally* doc. 2. All parties, including Intervenors People Not Politicians and Richard von Glahn, had notice and submitted briefing. Docs. 2, 12, 19–20, 29–30. Having considered the Verified Complaint, the affidavit attached to it, the parties' and intervenors' briefs, and applicable law, the Court grants Plaintiffs' motion for a temporary restraining order.

## I. Facts and Background

The Court treats the following uncontroverted facts, drawn from Plaintiffs' verified complaint, docs. 1, 4, as true for the sake of resolving this motion for a TRO. *See* Fed. R. Civ. P. 65(b)(1)(A). Only a very narrow set of facts bear on the resolution of Plaintiffs' request for a TRO. On September 12, 2025, the Missouri General Assembly passed HB 1, replacing the prior congressional district map enacted in 2022. Doc. 1 ¶¶ 15–16; doc. 12-4 at 11 (The Court cites to

Rcvd 9826 p10

page numbers as assigned by CM/ECF.); doc. 19 at 7. People Not Politicians and its executive director Richard von Glahn (who moved to intervene in this case, doc. 12) circulated a referendum petition seeking to suspend HB 1 until it passed a statewide vote. Doc. 1 ¶ 18; doc. 12 at 1–2. On August 4, 2026, the statutory deadline for doing so, the Missouri Secretary of State Denny Hoskins issued a certificate of insufficiency for the referendum petition. Doc. 1 at ¶¶ 20, 25; *see* Mo. Rev. Stat. § 116.150(3) (setting the statutory deadline to issue a certificate of insufficiency at "5:00 p.m. on the thirteenth Tuesday prior to the general election").

The Complaint alleges, supported by a verified affidavit sworn under penalty of perjury, that Missouri's primary election took place on Augwust 4, 2026. Doc. 1 ¶ 21; doc. 1-1 ¶ 4. The primary election used the HB 1 map. Doc. 1 ¶ 21; doc. 12-1 at 5, 7. Neither Defendants nor Intervenors have disputed those facts; Intervenors' briefing acknowledges that Missouri concluded its congressional primary elections on August 4, 2026. Doc. 12-1 at 7. The Complaint alleges that Plaintiffs Patricia Thomas and Debra Havens would cast votes in a different congressional district under the 2022 map than the one in which they cast their primary-election votes under the HB 1 map. Doc. 1 ¶ 17. The Complaint further alleges that the HB 1 congressional districts in which Plaintiffs Congressman Robert Onder and Richard Brattin won nominations would change. Doc. 1 ¶¶ 2, 4, 37.

On September 3, 2026, the Missouri Supreme Court issued an opinion in *von Glahn v. Hoskins*, determining that, as a matter of state law, the Missouri Constitution authorizes referenda on the General Assembly's adoption of new congressional district maps. *von Glahn v. Hoskins*, --- S.W.3d ---, No. SC101805, at *3 (Mo. Sep. 3, 2026) (en banc). The court enjoined Secretary of State Hoskins from using the HB 1 map for the November general election, retroactively deeming under state law that HB 1 "is not the law and has never been the law." *Id.*



Rcvd 9826 p11

at *13–14, 12 n.8. Because the court concluded that any "claimed federal law violations" had been "waived and abandoned" by the Secretary of State, the court limited its holding to the single state-law issue of whether the Missouri Constitution authorized referendums on congressional redistricting plans. *Id.* at *5 n.5.

On September 4, 2026, Plaintiffs filed a complaint in this court, alleging claims under the Elections Clause; Article I, Section 2 of the U.S. Constitution; and the Equal Protection Clause. Doc. 1 ¶¶ 50–109. Plaintiffs moved for a temporary restraining order and a preliminary injunction and requested a "[TRO] and preliminary injunction hearing as expeditiously as possible." Doc. 2 at 2. Plaintiffs moved to expedite the briefing and hearing schedule, asking the Court to resolve their motion for a TRO and preliminary injunction "as expeditiously as possible." Doc. 3 at 2. Also on September 4, 2026, the Secretary of State filed an Emergency Application for Stay and Administrative Stay Pending Appeal before the Supreme Court, raising the same federal law claims. Emergency Appl. for Stay and Admin. Stay Pending Appeal, *Hoskins v. von Glahn*, No. 26A304 (U.S. Sep. 4, 2026). Justice Kavanaugh denied the application on September 8, 2026. *See Hoskins v. von Glahn*, No. 26A304 (U.S. Sep. 8, 2026). On September 5, Intervenors moved to intervene, requesting oral argument and the opportunity to "participate fully" in any hearings on Plaintiffs' motion for a TRO and preliminary injunction. Doc. 12-1 at 18.

Missouri law sets the deadline for finalizing the general-election ballot at 5:00 p.m. on the eighth Tuesday before the general election. Mo. Rev. Stat. § 115.125(2). The State has set the general election for November 3, 2026, meaning that the deadline for finalizing the ballot is 5:00 p.m. today, September 8. Doc. 1 ¶ 33; doc. 12-1 at 8; doc. 12-4 at 12.



Rcvd 9826 p12

Because no party or intervenor has disputed the facts described above and because many of those facts are matters of public record, the Court accepts the above facts as true for the purpose of this TRO.

## II. Discussion

Before issuing a TRO, the Court must consider (1) the threat of irreparable harm to the movant (2) the balance between that harm and the injury that granting the injunction would inflict, (3) the movant's probability of success on the merits, and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *see Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). No single factor is dispositive, but the probability of success on the merits is the most important. *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013). The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The movant bears the burden of proving the necessity of injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

### A. Irreparable harm

Demonstrating irreparable harm requires showing "that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (citation omitted). The party facing the harm must have "no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Plaintiffs meet that burden here.

Plaintiffs face irreparable harm absent a TRO because many Missouri voters would have to cast their general-election votes for candidates whom they had no role in nominating.



Rcvd 9826 p13

Candidates who had no choice but to campaign and raise money in the HB 1 districts that Missouri's highest election authority presented to them, have spent their funds and campaign efforts in districts that would no longer exist. Using a map other than HB 1's would disenfranchise primary-election voters and undermine the nominations of candidates chosen in the primaries, leading to "certain" and "great" harm, *Novus Franchising, Inc.*, 725 F.3d at 895, not merely "speculative" or "possible" harm, *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1020 (8th Cir. 2020) (alteration and citation omitted). The primary ballots cannot simply be recounted under the 2022 districts, as the district boundaries and candidates would not be the same for all voters. And the harm could not be more imminent: under state law, the deadline for finalizing the ballot is today, September 8. *See* Mo. Rev. Stat. § 115.125(2).

**B. Balance of Harms**

Conducting state elections in accordance with the Missouri Constitution undoubtedly qualifies as an important interest. But the Eighth Circuit has observed that "there can be little harm to other parties where . . . 'a stay preserves the status quo and promotes confidence in our electoral system.'" *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 609 (8th Cir. 2020) (quoting *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020)). Preserving the status quo entails using the same map for the general election that Missouri used for its primaries—the HB 1 map. *See* doc. 1 ¶ 21. Whatever harm Defendants, Intervenors, or others might suffer under a TRO pales in comparison to the irreparable harm that Plaintiffs and, palpably notable here, the public would suffer if the Court does not issue a TRO.

**C. Probability of success on the merits**

**i. Elections Clause**

Article I, Section 4 of the federal Constitution gives to state legislatures the ability to establish "the Times, Places, and Manner of holding Elections for Senators and Representatives." U.S. Const. art I, § 4, cl. 1. While it recognizes the "need for congressional oversight," the Elections Clause doesn't "disarm States from adopting modes of legislation that place the lead rein in the people's hands." *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 816 (2015). Because the "dictionaries of the founding era . . . capaciously define[d] the word legislature," *Moore v. Harper*, 600 U.S. 1, 25 (2023) (internal quotation marks omitted), "includ[ing] the referendum within state legislative power for the purpose of apportionment" does not offend the Elections Clause, *Ohio ex rel. Davis v. Hildebrant*, 241 U.S. 565, 569 (1916); *see also Hawke v. Smith*, 253 U.S. 221, 230–31 (1920) (describing *Hildebrant*'s holding).

In *Hildebrant*, the Supreme Court considered an Elections-Clause challenge to Ohioans' rejection of new congressional districts by popular referendum. *Hildebrant*, 241 U.S. at 566–67. The Ohio Constitution permitted its voters "to approve or disapprove by popular vote any law enacted by the General Assembly." *Id.* at 566; *see* Ohio Const. Art. II, § 1 (1912) ("[T]he people reserve to themselves the power . . . [to] reject [laws] at the polls on a referendum vote."). The Court held that the referendum, as part of the state's legislative power, did not violate the Elections Clause. *Hildebrant*, 241 U.S. at 569.

Missouri's Constitution grants the people of Missouri the "power to approve or reject by referendum any act of the general assembly." Mo. Const. Art. III, § 49. Interpreting its own Constitution, the Missouri Supreme Court has held that redistricting is "subject . . . to a

referendum as the default" because "redistricting by the General Assembly is a legislative act." *Von Glahn v. Hoskins*, No. SC101805, at *7 (Mo. Sep. 3, 2026) (en banc).

Plaintiffs are not likely to succeed on the merits of their Elections-Clause claim because the referendum is a licit part of the legislative power in Missouri. States may choose to vest parts of the legislative power in bodies other than the General Assembly, and Missouri has so chosen. *See Ariz. State Legis*, 576 U.S. at 813; *Moore*, 600 U.S. at 23; Mo. Const. Art. III, § 49. In turn, states may permit their voters to challenge redistricting maps by referendum without running afoul of the Elections Clause. *See Hildebrant*, 241 at 569.

Plaintiffs argue that a state constitutional provision must, under the Elections Clause, "supply [a] clear, deliberate statement" to "divest its legislature of redistricting authority." Doc. 2-1 at 6 (citing *Ariz. State Legis.*, 576 U.S. at 843 (Roberts, C.J., dissenting)). This argument is unavailing for two reasons.

First, the referendum doesn't *divest* the Missouri legislature of redistricting authority, as the people are part of the Missouri legislature through the referendum process. *See* Mo. Const. Art. III § 49 (locating referendum provision in article on "legislative department"); *von Glahn*, No. SC101805, at *8 ("[T]he referendum and initiative petition power . . . is an essential part of the state's lawmaking process under the Missouri Constitution."). Second, to the extent a clear statement rule applies in the Elections-Clause context, the Missouri Constitution's referendum provision is as clear as the Ohio Constitution's provision upheld in *Hildebrant*—both referendum powers apply to any law of the General Assembly. *Compare* Mo. Const. Art. III, § 49 *with* Ohio Const. Art. II, § 1 (1912); *see Hildebrant*, 241 U.S. at 566.

The Court therefore finds that Plaintiffs are not likely to succeed on the merits of their Elections-Clause claim. Next, the Court turns to Plaintiffs' Article I, Section 2 claim.

**ii. Article I, Section 2**

Article I, Section 2 of the Constitution provides that "[t]he House of Representatives shall be composed of Members chosen every second Year by the People of the several States." U.S. Const. art. I, § 2, cl. 1. The Supreme Court has stated that, "[w]here the state law has made the primary an integral part of the procedure of choice, . . . the right of the elector to have his ballot counted at the primary, is likewise included in the right protected by Article I, Section 2." *United States v. Classic*, 313 U.S. 299, 318 (1941).

Missouri law dictates that "all candidates for elective office shall be nominated at a primary election . . . ." Mo. Rev. Stat. § 115.339. Afterwards, "[t]he person receiving the greatest number of votes at a primary election as a party candidate for an office shall be the only candidate of that party for the office at the general election." Mo. Rev. Stat. § 115.343. Using such a structure for elections renders the primary an "integral part of the election process. *See Morse v. Republican Party of Va.*, 517 U.S. 186, 207 (1996) (describing a primary election as "an 'integral part of the election machinery'" when a state "effectively divided its election into two stages, the first consisting of the selection of party candidates and the second being the general election (quoting *Classic*, 313 U.S. at 318)); *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 211, 226–27 (1986) (treating primary elections that led to the nomination of a party's candidate as integral parts of the election process). The Eighth Circuit held in 1949 that Missouri's then-existing primary election system—which, like the present system, provided that "no one can be elected to office without receiving nomination at a primary election"—was "an integral part of the general election laws of the state for the election of public officers, including Members of Congress." *Klein v. United States*, 176 F.2d 184, 187 (8th Cir. 1949).

Because voters have already cast their ballots in the primaries, doc. 1 ¶ 21, replacing the applicable map for the general election would disenfranchise voters of their votes in the primary election, in clear violation of Article I, Section 2. Voters reassigned to different district would have cast their votes in vain for candidates now connected to other districts, effectively nullifying their votes.

Intervenors' only rebuttal is that Plaintiffs' Article I, Section 2 claim "rest[s] entirely on the premise that HB 1 was lawfully in effect when the August 4, 2026 primary was conducted." Doc. 12-4 at 18. But Plaintiffs' Article I, Section 2 claim does not depend on the legal status of the HB 1 map. Whether or not HB 1 was the governing law during the primary election, voters—including Plaintiffs—voted in primary elections within the congressional districts drawn by HB 1. *See* doc. 1 at ¶¶ 21–22, 24. And they didn't do so of their own accord. Instead, they did so based on the parameters set by Missouri's highest election authority, the Secretary of State. Mo. Const. Art. IV, § 14.

The Court therefore finds that Plaintiffs have a high probability of success on the merits of their claim under Article I, Section 2.

**iii. Equal Protection Clause**

The Fourteenth Amendment prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Included in equal protection is "a citizen['s] . . . right to participate in elections on an equal basis with other citizens in the jurisdiction." *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) (collecting cases). And "[o]nce the geographical unit for which a representative is to be chosen is designated, all who participate in the election are to have an equal vote . . . wherever their home may be in that geographical unit." *Gray v. Sanders*, 372 U.S. 368, 379 (1963).

The Equal Protection Clause's aegis covers the rights not only of voters but also of candidates: a state cannot "unfairly or unnecessarily burden . . . an individual candidate's equally important interest in the continued availability of political opportunity" because "voters can assert their preferences only through candidates or parties." *Lubin v. Panish*, 415 U.S. 709, 716 (1974). Primary-election procedures, as "'state action within the meaning of the Fourteenth Amendment . . . must be . . . consistent with the Equal Protection Clause." *Bullock v. Carter*, 405 U.S. 134, 140–41 (1972). And when a state "limit[s] the choices available to voters, [it] impairs the voters' ability to express their political preferences," requiring the "[s]tate [to] establish that its classification is necessary to serve a compelling interest." *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979).

Plaintiffs have demonstrated a sufficient likelihood of success on the merits of their Equal Protection Clause claim. In the August primaries, voters have already cast their ballots and candidates already ran using the HB 1 map. Doc. 1 at ¶¶ 21–24. Replacing the HB 1 map after the primary would sort "hundreds of thousands" of voters into different districts and cause candidates to run in districts covering voters to whom those candidates have not campaigned. *Id.* at ¶¶ 36–37. Using any map other than HB 1's for the general election creates two classes of voters: those who happen to stay in their HB 1 congressional districts, and those who do not. Likewise, it divides candidates between those who retain the same electorate, and those who do not. In both situations, those who "do not" are divested of their fundamental electoral rights.

Switching maps now would deprive many Missourians of their equal vote in the primaries and "impair the voters' ability to express their political preferences" by foisting new candidates on them on the eve of the election. *See Socialist Workers Party*, 440 U.S. at 184. Defendants have not offered an interest to establish the necessity of these arbitrary geographic

classifications, nor do they want to. *See generally* doc. 11. So these classifications burden or outright divest the right to vote—"the essence of a democratic society" and "the heart of representative government"—without justification. *Reynolds v. Sims*, 377 U.S. 533, 555 (1964).

Like their response to Plaintiffs' Article I, Section 2 claim, Intervenors argue that the Equal-Protection claim presumes the lawfulness of the HB 1 map when the primary occurred. That contention is irrelevant to the Equal-Protection claim as it was to the Article I, Section 2 claim. The primary already happened, and the clock cannot be turned back, so Missouri must honor the equal right to vote of all its eligible voters, regardless of geography.

The Court therefore finds that Plaintiffs have shown a high probability of success on the merits of their Equal-Protection-Clause claim. Because the Court finds an adequate likelihood of success for two out of the three claims, the Court turns to the public's interest in temporary relief.

**D. Public interest**

The public interest favors enjoining the Secretary from using the 2022 map for the general election. Disenfranchising voters across the state and denying them their constitutional right to have their primary votes counted significantly harm the public interest. "[I]t is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), *overruled on other grounds*, *Phelps-Roper v. City of Manchester*, 697 F.3d 678 (8th Cir. 2012) (en banc).

On top of that, "[t]he public has an interest in the fair and orderly operation of election[s] . . . ." *Org. for Black Struggle*, 978 F.3d at 609. The Supreme Court "has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 423 (2020) (per curiam) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam)); *Merrill v. Milligan*,

142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring in grant of application for stays) ("When an election is close at hand, the rules of the road must be clear and settled."); *Allen v. Milligan*, 146 S. Ct. 1377, 1381 (2026). In *Purcell v. Gonzalez*, the Supreme Court explained that "[c]ourt orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls," a risk that grows "[a]s an election draws closer." *Purcell*, 549 U.S. at 4–5.

Admittedly, courts normally invoke the *Purcell* principle to caution against federal-court intervention in the election decisions of state legislatures, and no federal court has ordered the use of the 2022 map. But *Purcell* does not cut against injunctive relief here. This case presents *Purcell* in reverse, but with no less weight. Injunctive relief "may be inequitable if it is issued shortly before an election, when candidates, election officials, and voters have relied on the rules in place at that time." *Malliotakis v. Williams*, 146 S. Ct. 809, 811 (2026) (Alito, J., concurring in grant of stay). Issuing a TRO here would preserve, rather than disturb, the election rules that candidates, election officials, and voters have relied on. If anything, the public interest concerns that the *Purcell* principle invokes—avoiding voter confusion, disincentivizing voting, and preserving the fair and orderly operation of elections—support issuing a TRO. Missouri already held its primaries using the HB 1 map. Doc. 1 ¶ 21. Using a different map for the general election would wreak havoc on the fairness and orderliness of Missouri's congressional elections, calling into question the candidacy of those nominated in the primaries and the votes of those who voted in the primaries. Widespread voter confusion would inevitably follow. The public interest factor thus weighs in favor of a TRO.

## III. Conclusion

Accordingly, the Court grants Plaintiffs' [2] motion for a temporary restraining order and enjoins, on federal law grounds, Secretary of State Hoskins—as well as his officers, agents, employees, and attorneys—from implementing, using, publishing, distributing, or mandating the use of any congressional district map other than the HB 1 map for the November 3, 2026 general election. The Court finds that a hearing is not necessary because all parties have participated fully through their briefing, and because all parties agree on the material facts. The Court also denies Plaintiffs' [3] Motion to Expedite as moot.

This order remains in effect for 14 days from the date of issuance. The Court will set a preliminary injunction hearing by separate order. Neither Defendants nor Intervenor Defendants asks the Court to set a bond, and having considered the issue, the Court finds a bond unnecessary on these unique facts and circumstances. *See* Fed. R. Civ. P. 65(c). As provided in Rule 65(d)(2), this temporary restraining order binds "only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."

So ordered this 8th day of September 2026.

SR.C

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-01424-SRC |
| STATE OF MISSOURI *et al.*, | ) | |
| Defendants. | ) | |

**EMERGENCY NOTICE OF APPEAL**

Notice is hereby given that Intervenor-Defendants Richard von Glahn and People Not Politicians hereby file an emergency appeal to the United States Court of Appeals for the Eighth Circuit from the Order Granting Plaintiffs' Motion for Temporary Restraining Order (Doc. 35), entered on September 8, 2026.

Respectfully submitted,

**STINSON LLP**

*/s/ Alixandra S. Cossette*
Charles W. Hatfield, No. 40363
Jeremy A. Root, No. 59451
Alexander C. Barrett, No. 68695
Alixandra S. Cossette, No. 68114
Greta M. Bax, No. 73354
230 W. McCarty Street
Jefferson City, Missouri 65101
Phone: (573) 636-6263
Facsimile: (573) 636-6231
chuck.hatfield@stinson.com
jeremy.root@stinson.com
alexander.barrett@stinson.com
alix.cossette@stinson.com
greta.bax@stinson.com

*Attorneys for Intervenor-Defendants*
*People Not Politicians and Richard von Glahn*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Alixandra S. Cossette*
Alixandra S. Cossette