**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| CONGRESSMAN ROBERT "BOB" ONDER, RICHARD "RICK" BRATTIN, PATRICIA "PAT" THOMAS, and DEBRA HAVENS, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 26-2827 |
| v. | ) | |
| STATE OF MISSOURI and DENNY HOSKINS, in his official Capacity as Missouri Secretary of State, | ) | |
| Defendants. | ) | |

**PLAINTIFFS-APPELLEES' MOTION TO CONSOLIDATE RELATED APPEAL AND RETAIN EXISTING EXPEDITED BRIEFING AND ARGUMENT SCHEDULE**

Plaintiffs-Appellees Congressman Robert "Bob" Onder, Richard "Rick" Brattin, Patricia "Pat" Thomas, and Debra Havens move under Federal Rules of Appellate Procedure 3(b)(2), 2(a), and 27, and Eighth Circuit Rule 27A(a)(8), to consolidate their related appeal with No. 26-2797 for briefing, argument, and disposition, subject to the Court's determination of appellate jurisdiction. Plaintiffs request that every deadline, brief limitation, and argument allocation in the Court's September 10, 2026 order remain unchanged.

1. Both appeals arise from the district court's September 8, 2026 Memorandum and Order, ECF No. 35, in Case No. 4:26-cv-01424-SRC. That Order granted Plaintiffs a temporary restraining order based on their Article I, Section 2

and Equal Protection Clause claims, but found that they were not likely to succeed on their Elections Clause claim. Id. at 6–11, 13.

2. Plaintiffs have filed a notice of appeal dated September 11, 2026, seeking review of the Order insofar as it declined to grant temporary restraining relief on their Elections Clause claim under Article I, Section 4, Clause 1. Plaintiffs request consolidation of the appeal arising from that notice upon its docketing. Their notice identifies the adverse Elections Clause ruling at pages 6–7 of the Order; it does not assert that the district court entered a final judgment dismissing that claim.

3. The related appeal concerns the same parties, district-court record, and request for temporary injunctive relief already before this Court in No. 26-2797. Consolidation would permit coordinated consideration of the issues properly presented in both appeals, avoid duplicate submissions, and allow the same panel to address the common record within the expedited schedule already established.

4. Rule 3(b)(2) authorizes consolidation when separate timely notices of appeal have been filed. Eighth Circuit Rule 27A(a)(8) expressly addresses consolidation of appeals. To the extent the default cross-appeal briefing provisions of Rule 28.1 would otherwise require different deadlines, additional briefs, or increased brief lengths, Plaintiffs request relief under Rule 2(a) solely to retain the September 10 order's existing briefing procedure and limits for both appeals. The

shared record and imminent briefing and argument dates provide good cause for that procedural relief.

5. Specifically, Plaintiffs request that simultaneous merits briefs addressing both appeals remain due by close of business Tuesday, September 15, 2026; that any separate appendix remain due at that same time; and that any request to file an amicus brief and the proposed amicus brief remain due at that same time. Each party's scheduled merits brief would address both appeals within the limits otherwise applicable under the existing order. Plaintiffs request no additional round of briefing, no overlength brief, and no extension of time.

6. Plaintiffs further request that remote oral argument remain set for Thursday, September 17, 2026, at 10:00 a.m. Central time, with the judges in chambers. The existing allocations would remain: Plaintiffs-Appellees, 10 minutes; Defendants State and Secretary of State, 10 minutes; and Intervenor-Appellants, 20 minutes. Any argument concerning Plaintiffs' related appeal would occur within those allocations.

7. This motion seeks procedural coordination. Consolidation would leave each appeal's jurisdictional requirements for the Court to determine and would not itself establish a right to appellate review. Plaintiffs request prompt disposition under Rule 27(b) so the parties can prepare their September 15 submissions with the benefit of the Court's direction.

WHEREFORE, Plaintiffs respectfully request that the Court consolidate the appeal arising from their September 11, 2026 notice of appeal with No. 26-2797 upon docketing, retain No. 26-2797 as the lead case, and apply the September 10, 2026 expedited order to both appeals without changing any existing deadline, brief limitation, or oral-argument allocation.

Dated: September 11, 2026

**Respectfully submitted,**

**ELLINGER BELL LLC**

By: */s/ Marc H. Ellinger*
Marc H. Ellinger, #40828(MO)
Stephanie S. Bell, #61855(MO)
Cole D. Bradbury, #62760(MO)
308 East High Street, Suite 300
Jefferson City, MO 65101
Telephone: (573) 750-4100
Facsimile: (314) 334-0450
E-mail: mellinger@ellingerlaw.com
E-mail: sbell@ellingerlaw.com
E-mail: cbradbury@ellingerlaw.com

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 589 words, excluding the portions exempted by Rule 32(f). It complies with the typeface and type-style requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it uses 14-point Times New Roman, a proportionally spaced typeface.

/s/ Marc H. Ellinger

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2026, I electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which sends notice of the filing to all counsel of record registered to receive electronic service.

/s/ Marc H. Ellinger