**Case No. 26-2797**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

CONGRESSMAN ROBERT ONDER, ET AL.,

*Appellees*,

v.

RICHARD VON GLAHN, ET AL.,

*Appellants*.

---

Appeal from U.S. District Court for the Eastern District of Missouri – St. Louis
4:26-cv-01424-SRC
Hon. Stephen R. Clark, Chief District Judge

---

# BRIEF OF AMICUS CURIAE MISSOURI ASSOCIATION OF COUNTY CLERKS AND ELECTION AUTHORITIES IN SUPPORT OF APPELLANTS FOR REVERSAL OF TEMPORARY RESTRAINING ORDER

---


Brianna L. Lennon
State of Missouri Bar No. 63964
801 E. Walnut St., Room 236
Columbia, MO 65201
(573) 886-4296
blennon@boonemo.gov

Evan Kennedy
State of Missouri Bar No. 72094
Eighth Circuit Bar No. 20-0254
**Blitz, Bardgett & Deutsch, L.C.**
306 E. High St.
Jefferson City, MO 65101
(314) 887-5276
ekennedy@bbdlc.com

*Counsel for Amicus Curae*


Dated: September 15, 2026

## CORPORATE DISCLOSURE STATEMENT

The Missouri Association of County Clerks and Election Authorities states that it is a Missouri nonprofit corporation; has no parent companies, subsidiaries, or affiliates; and does not issue shares to the public. FED. R. APP. PROC. 26.1; 8th Cir. R. 26.1A.

## TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................2
TABLE OF CONTENTS ..........................................................................3
TABLE OF AUTHORITIES......................................................................4
IDENTITY AND INTEREST OF AMICUS CURIAE ..............................................5
AUTHORITY FOR BRIEF OF AMICUS CURIAE................................................6
ARGUMENT ......................................................................................6
I. It is too late for Missouri's local election officials to create ballots using the HB 1 congressional districts for the November 2026 general election.......................6
   a. Federal law requires election officials to transmit ballots to military and overseas voters by September 18. ..............................................................9
   b. Missouri law requires election officials to transmit ballots to regular absentee voters by September 22. ..............................................................10
   c. Reprinting ballots would amount to an unfunded mandate on local election officials. ...........................................................................................10
CONCLUSION ....................................................................................12
CERTIFICATE OF COMPLIANCE .............................................................13
CERTIFICATE OF SERVICE ...................................................................13

## TABLE OF AUTHORITIES

### Cases

*Von Glahn v. Hoskins*,
No. SC101805, 2026 WL 2628846, __ S.W.3d __ (Mo. Banc Sept. 3, 2026) .......9

### Statutes

§ 115.015, RSMo .......6
§ 115.125, RSMo .......8, 10
§ 115.127, RSMo .......10
§ 115.157, RSMo .......6
§ 115.158, RSMo .......6
§ 115.279, RSMo .......10
§ 115.359, RSMo .......10
§ 115.391, RSMo .......6
§ 115.914, RSMo .......9
§ 115.928, RSMo .......6
52 U.S.C. § 20302 .......9

### Rules

8th Cir. R. 26.1A .......2
FED. R. APP. PROC. 26.1 .......2
FED. R. APP. PROC. 29 .......5, 6

### Constitutional Provisions

MO. CONST. art. X, § 21 .......10

## IDENTITY AND INTEREST OF AMICUS CURIAE

*Amicus Curiae* Missouri Association of County Clerks and Election Authorities (MACCEA) is the official professional association for local election officials in the State of Missouri. Members are elected county clerks and appointed directors of boards of elections from each of the 116 local election jurisdictions in Missouri. MACCEA members are responsible for administering elections in their respective jurisdictions, including the November 2026 general election.

HB 1 created new congressional district lines in Missouri and *Amicus* has a vested interest in this case because its members must administer the November 2026 general election, including compliance with all state and federal election deadlines. *Amicus* files this brief to illustrate the financial and practical burdens of changing the congressional district lines in Missouri after September 14, 2026.[1] Accordingly, *Amicus* supports Appellants for reversal of the district court's September 8 order granting a temporary restraining order enjoining the Missouri Secretary of State from implementing and using the pre-HB 1 map.

[1] No counsel for any party or intervenor authored this brief in whole or in part. FED. R. APP. PROC. 29(a)(4)(E)(i). No person other than *Amicus Curiae* and its counsel made any monetary contribution intended to fund the preparation or submission of this brief. FED. R. APP. PROC. 29(a)(4)(E)(ii)–(iii).

## AUTHORITY FOR BRIEF OF AMICUS CURIAE

A brief may be filed by amici curiae in cases before this Court on the merits. FED. R. APP. PROC. 29(a)(2). Amici may file a brief "only by leave of court or if the brief states that all parties have consented to its filing." *Id. Amicus* submits this brief consistent with the Court's September 10 order and with consent of the Parties on September 14, 2026.

## ARGUMENT

### I. It is too late for Missouri's local election officials to create ballots using the HB 1 congressional districts for the November 2026 general election.

Elections in Missouri are conducted by local county clerks and boards of elections, who serve as the official election authority of their respective jurisdictions. § 115.015, RSMo. The Secretary of State's Office has no role in administering elections, nor is it responsible for creating and printing ballots. *See, e.g.*, §§ 115.391, 115.928.1, RSMo. However, the office does have one integral role: it maintains the statewide voter registration database known as the Missouri Centralized Voter Registration database ("MCVR"). §§ 115.157, 115.158, RSMo. Local election officials use MCVR to store their jurisdiction's voter registration records, precincts, and, importantly, their congressional district data. The Secretary of State's Office creates the shell of the congressional districts in MCVR and gives it a code to correlate with a particular congressional district map, but it is the responsibility of each local election official to manually tie the appropriate addresses in their jurisdiction to the districts

in MCVR. Since every voter is registered at an address, tying the address to the district ensures that each voter is assigned a ballot style for the correct district.

Every election, local election officials use MCVR to generate all the relevant ballot styles, export the content of the ballot styles from MCVR, and create the ballots by entering the content into in-house software or by providing the content to a vendor. They thoroughly proof the ballots before they are printed, test those ballots on tabulators, and ultimately issue them to voters.

In May 2022, the Secretary of State's Office created new congressional districts in MCVR coded "CN20." The CN20 districts reflect the congressional district map set by the Missouri Legislature after the 2020 Census. Local election officials selected the CN20 district in MCVR to create and assign voters' ballots for the August 2022 primary, November 2022 general, and November 2024 general elections.

In May 2026, the Secretary of State's Office created new "CN25" districts to reflect the congressional district map in HB 1. Missouri's local election officials were directed by Secretary of State Denny Hoskins to update their voter rolls and assign each voter to their CN25 district. Every jurisdiction, even those whose congressional districts did not differ between 2022 and HB 1, manually updated their voter roll so that each voter had a congressional district assignment for both CN20 and CN25. Since voters should only see one congressional district race on their ballot though, in MCVR, local election officials must choose either CN20 or CN25 to

create their ballot styles and, once selected, the choice cannot be reversed without regenerating ballot styles. If the ballot styles are changed after the local election official has designed, proofed, or printed ballots, that entire process must be redone at considerable time and cost. This is exactly why, at this late stage in the election calendar, even an additional day's work at a local election office can jeopardize the election authority's ability to have ballots ready by September 18 for absentee voting.

For the November 2026 general election, local election officials have been in a holding pattern for weeks, waiting for certainty to use either CN20 or CN25 in MCVR. On September 8, 2026, eight weeks before the election (and the statutory deadline to add candidates or measures to the ballot under Section 115.125), *Amicus* members received two emails from the Missouri Secretary of State. *See* § 115.125, RSMo. The first email instructed local election officials to use CN20 when creating the election and subsequent ballot styles in MCVR, but the second email sent just over an hour later, instructed local election officials to use CN25. Under this conflicting guidance, *Amicus* members chose to delay creating ballot styles and printing ballots until the ongoing litigation in both state and federal courts yielded more certainty.

On September 10, 2026, that certainty arrived and the Secretary of State's Office emailed local election authorities a third time, instructing them to use CN20

pursuant to the Supreme Court of Missouri's decision in *Von Glahn v. Hoskins*, No. SC101805, 2026 WL 2628846, __ S.W.3d __ (Mo. Banc Sept. 3, 2026). Having lost weeks of preparation time, local election officials immediately began the process of creating and printing ballots. At the time of this filing, most jurisdictions' ballots are already in production, either by in-house ballot printers or vendors.

**a. Federal law requires election officials to transmit ballots to military and overseas voters by September 18.**

The State acknowledges that it would be practically impossible to change districts this late in the election cycle. R. Doc. 19, at 14. Local election officials already have their elections set. Ballots are ready to go. And if they are not ready, the ballots are being prepared and will be ready before this case is resolved. Missouri law requires "the election authority in each jurisdiction charged with distributing a ballot and balloting materials" to transmit these items to all military and overseas voters "not later than forty-five days before the election or, if the forty-fifth day before the election is a weekend or holiday, not later than the business day preceding the forty-fifth day[.]" § 115.914.1, RSMo. Federal law also requires a forty-five-day timeline. *See* 52 U.S.C. § 20302(a)(8). Accordingly, Missouri election officials must transmit ballots on September 18. A late change to the ballot would risk not only their compliance with state and federal laws, but also the adequacy of votes from military and overseas voters.

**b. Missouri law requires election officials to transmit ballots to regular absentee voters by September 22.**

There is a similar risk to absentee voters. In Missouri, absentee voting begins six weeks prior to election day (i.e., on September 22). § 115.279, RSMo. Absentee ballots also need to be mailed and available at the local election authority's office for voters with disabilities, those who will be out of town on election day, or those serving as health care workers and first responders.

**c. Reprinting ballots would amount to an unfunded mandate on local election officials.**

Missouri law prohibits the State from imposing unfunded mandates on local jurisdictions. Under the Missouri Constitution:

> A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the general assembly or any state agency of counties or other political subdivisions, unless a state appropriation is made and disbursed to pay the county or other political subdivision for any increased costs.

MO. CONST. art. X, § 21.1. In other words, the State can't make localities do something new without covering the additional costs. Missouri's election statutes reflect this requirement—the State must pay the "additional cost for the printing or reprinting of ballots." §§ 115.125.2, 115.127.6, 115.359.2, RSMo.

To redo the election and reprint the ballots would cost hundreds of thousands of dollars in both print costs and staff time. The General Assembly that truly agreed and finally passed HB 1 did not appropriate funds to cover these costs. Indeed, the

State-induced whiplash has put local election officials in a holding pattern so that they can conduct the November 2026 general election within their means. Only now—since the Missouri Supreme Court cleared the way (coupled with the United States Supreme Court's denial of an attempt to stay that order)—can local election authorities proceed on preparing ballots for the November 2026 general election. Any attempt to force local election authorities to perform their duties anew violates the Missouri Constitution and Missouri statutes.

These hundreds of thousands of dollars in unbudgeted funds are not trivial. For example, *Amicus* members expect that these costs would range anywhere from a couple hundred dollars in a smaller jurisdiction to $15,000 to $30,000 to reprint ballots per county,[2] not including the cost of staff time for reprogramming and proofing, which is time and expense that *Amicus* members can't afford to lose. Local election officials—like any government entity—set their budgets well in advance of the November election. These unanticipated costs place a real and substantial hardship on Missouri's local jurisdictions, especially those with smaller and tighter budgets.

---

[2] Not every election authority would be required to reprint its ballots because some would be in the same congressional district regardless of map used.

## CONCLUSION

*Amicus* finally received resolution on which congressional district map to use in the MCVR system—CN20. Given the limited timeframe available to local election authorities, they all immediately started implementing the pre-HB 1 maps. In doing so, they followed the order of the Missouri Supreme Court and the guidance from the Missouri Secretary of State. At this point, it is practically impossible to revert to the HB 1 map due to the extensive time and cost required to reprint and distribute new ballots within statutory timelines. Any further change inflicts additional vertigo on local election authorities—and the millions of Missourians who rely on them—after ostensibly-final resolution consistent with Missouri law. For these reasons, this Court should reverse the district court's September 8 order granting a temporary restraining order enjoining the Missouri Secretary of State from implementing and using the pre-HB 1 map.

Dated: September 15, 2026

Respectfully submitted,

*/s/ Brianna L. Lennon*
Brianna L. Lennon
State of Missouri Bar No. 63964
801 E. Walnut St., Room 236
Columbia, MO 65201
(573) 886-4296
blennon@boonemo.gov

*/s/ Evan Kennedy*
Evan Kennedy
State of Missouri Bar No. 72094
Eighth Circuit Bar No. 20-0254
**Blitz, Bardgett & Deutsch, L.C.**
306 E. High St.
Jefferson City, MO 65101
(314) 887-5276
ekennedy@bbdlc.com

*Counsel for Amicus Curae*

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Federal Rule of Appellate Procedure 29(a)(5) because it contains 1,887 words, relying on Microsoft Word's word-count function and excluding exempt portions. Consistent with Eighth Circuit Rule 28A(h)(2), the electronic version has been scanned for viruses, and this brief is virus-free.

*/s/ Brianna L. Lennon*
Brianna L. Lennon

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this brief on September 15, 2026, serving all parties through the Court's Electronic Case Filing System.

*/s/ Evan Kennedy*
Evan Kennedy